



FILED
Jul 16 2025, 9:28 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N T H E

# Court of Appeals of Indiana

Groomingdale's Pet Styling, Inc.,

*Appellant-Defendant*

v.

Lorrie Neuberg,

*Appellee-Plaintiff*

### Other Interested Parties

Payless Liquors and KLC Realty, Inc.,

*Defendants*

---

July 16, 2025

Court of Appeals Case No.
24A-CT-2265

Interlocutory Appeal from the Hendricks Superior Court

The Honorable Robert W. Freese, Judge

---

**Opinion by Judge Bradford**
Judges Pyle and Kenworthy concur.

**Bradford, Judge.**

## Case Summary

[1] On November 22, 2023, Lorrie Neuberg filed suit against Groomingdale's Pet Styling, Inc. ("Groomingdale's"), Payless Liquors ("Payless"), and KLC Realty, LLC ("KLC") (collectively, the "Defendants") alleging negligence. The trial court entered default judgment against Groomingdale's after Groomingdale's failed to file an answer, an appearance, or any other responsive pleading within the time allotted by the trial rules. Groomingdale's filed an Indiana Trial Rule 60(B) motion to set aside the judgment, claiming its failure to respond to Neuberg's lawsuit was the result of excusable neglect and also that it had a meritorious defense to Neuberg's claims. Groomingdale's appeals the denial of its motion to set aside the default judgment. We affirm.

## Facts and Procedural History

[2] Neuberg claims to have slipped on an oil spot in the Defendants' parking lot on November 27, 2021, causing her to fall and suffer severe and permanent injuries. Neuberg further claims to have been an invitee and customer of Groomingdale's at the time of her fall. On November 22, 2023, Neuberg filed a

complaint against the Defendants alleging negligence, asserting that they had failed to maintain their property in a reasonably safe condition and had failed to warn her of hazardous conditions on the property.[1]

[3] On May 12, 2024, Neuberg filed a motion for default judgment against Groomingdale's. In this motion, Neuberg alleged that she had filed her complaint on November 22, 2023; Groomingdale's had been served by certified mail on November 30, 2023; and Groomingdale's had failed to file an answer, an appearance, or any other responsive pleading within the time allotted by the trial rules. The trial court entered default judgment against Groomingdale's on May 14, 2024, and scheduled a damages hearing for June 11, 2024.

[4] On June 5, 2024, counsel for Groomingdale's entered an appearance and filed a motion to continue the upcoming damages hearing. The trial court granted Groomingdale's motion and rescheduled the damages hearing for August 21, 2024.

[5] On July 24, 2024, Groomingdale's filed a motion to set aside the default judgment. In this motion, Groomingdale's blamed its failure to respond to Neuberg's lawsuit on "a breakdown in communication" with its insurance provider, claiming that as a result of this breakdown of communication, "counsel was never retained to defend" Groomingdale's in Neuberg's lawsuit.

---

[1] Payless and KLC filed a joint request for an enlargement of time to answer Neuberg's complaint, which was granted by the trial court. Payless and KLC subsequently filed a timely answer to Neuberg's complaint. Neither Payless nor KLC participates in the instant appeal.

Appellant's App. Vol. II p. 42. Groomingdale's argues that "[b]ecause the delay in defending [Neuberg's lawsuit] was caused by the actions of [its] insurance carrier (i.e., The Hartford Group Co. [("Hartford")]), the default judgment should also be set aside." Appellant's App. Vol. II p. 49 (bracketed material added). On August 22, 2024, the trial court denied Groomingdale's motion to set aside the default judgment.[2]

## Discussion and Decision

[6] Groomingdale's contends that the trial court abused its discretion in denying its motion to set aside the default judgment, citing both Trial Rule 60(B)(1) and 60(B)(8). In relevant part, Trial Rule 60(B) provides as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> (1) mistake, surprise, or excusable neglect;
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings; [or]

---

[2] In denying Groomingdale's motion to set aside the default judgment, the trial court issued a one sentence order indicating that Groomingdale's motion was denied without elaboration.

****

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

"A movant filing a motion for reasons (1), (2), (3), (4), and (8) *must* allege a meritorious claim or defense." Tr. R. 60(B) (emphasis added).

[7] The decision whether to set aside a default judgment is given substantial deference on appeal. Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. We may affirm a general default judgment on any theory supported by the evidence adduced at trial. The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. A cautious approach to the grant of motions for default judgment is warranted in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B).

*Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (internal citations and quotations omitted), *trans. denied*.

[8]     In seeking to set aside a default judgment under both Trial Rule 60(B)(1) and (B)(8), the movant must allege a meritorious defense. "This requires a showing that vacating the judgment will not be an empty exercise." *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006) (internal quotation omitted). The requirement to allege a meritorious defense "merely requires a prima facie showing of a meritorious defense, that is, a showing that will prevail until contradicted and overcome by other evidence." *Id.* (internal quotation omitted). "The movant need only present evidence that, *if credited*, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand." *Id.* at 73–74 (internal quotation omitted, emphasis in original).

[9]     Neuberg alleged in the underlying lawsuit that she had "slipped on an oil spot located on the pavement of the parking lot of Defendants' property, which she could neither see nor avoid, causing her to fall and suffer severe and permanent injuries." Appellant's App. Vol. II p. 13.

> As a meritorious defense to Neuberg's claims, Groomingdale's asserts that it had no control over the parking lot in question. Additionally, Neuberg has a duty to exercise the degree of care and caution that an ordinary, reasonable, and prudent person would exercise in a similar situation. Thus, Groomingdale's defense is that it had no duty to protect Neuberg's safety.

Appellant's Br. p. 25. Groomingdale's raises these same assertions in its motion to set aside the default judgment. *See* Appellant's App. Vol. II p. 61. Groomingdale's further argues that

> [t]he nature of this case, a "slip/trip and fall," is a highly fact sensitive one that requires a significant examination of the circumstances to disburse liability. Given that reality, along with the fact that there exists three defendants in this matter and an issue of comparative fault, Groomingdale's possesses a meritorious defense to this action as contemplated by Trial Rule 60(B).

Appellant's Br. p. 26.

[10] For her part, Neuberg asserts that Groomingdale's failed to "cite to any facts or evidence to support it's [*sic*] assertions that Neuberg [bore] any level of comparative fault, and such conclusion is not supported by any legal presumption under Indiana law." Appellee's Br. pp. 22–23 (underlining in original). Neuberg further asserts that Groomingdale's presented no evidence as to which of the Defendants was responsible for maintaining the parking lot and "presented zero (0) facts, evidence, or legal presumptions to support its assertions that it did not owe a duty to an invitee or that Neuberg failed to keep a proper lookout." Appellee's Br. p. 23 (internal quotation omitted). Neuberg argues that "Groomingdale's asserted defenses are entirely speculative and not based in facts, evidence, or legal presumptions. Speculative defenses are not inherently meritorious." Appellee's Br. p. 23.

[11] In *Logansport/Cass County Airport Authority v. Kochenower*, 169 N.E.3d 1143, 1148 (Ind. Ct. App. 2021), with regard to what a movant must proffer to successfully allege a meritorious defense under Trial Rule 60(B), we concluded that "while mere conclusory statements will not suffice under the Rule, neither

must the movant prove an asserted meritorious claim or defense." We further concluded that "to successfully allege a meritorious claim or defense pursuant to Rule 60(B), a party seeking relief from a default judgment must state a factual basis for his purported meritorious claim or defense[.]" *Id.* at 1149. In claiming that it had sufficiently alleged a meritorious defense below, Groomingdale's points to conclusory statements indicating that it had no control over the parking lot and, as such, no duty to protect Neuberg. Groomingdale's also raised the possibility that Neuberg was comparatively at fault. The only evidence cited by Groomingdale's as supporting its claimed meritorious defense below was a portion of its lease agreement which established that the parking lot was a shared, common area—a fact not in dispute.

[12] While we agree with Groomingdale's that it was not required to prove "the absolute existence of an undeniable defense in order to establish a valid meritorious defense[,]" Appellant's Reply Br. p. 15, pursuant to our opinion in *Kochenower*, Groomingdale's *was* required to provide some evidence beyond its conclusory statements to establish its meritorious defense. Given that Groomingdale's failed to do so in its motion to set aside the default judgment, we conclude that it has failed to adequately assert a meritorious defense as is required by Trial Rule 60(B)(8). We therefore cannot say that the trial court

abused its discretion in denying Groomingdale's motion to set aside the default judgment.[3]

[13] The judgment of the trial court is affirmed.

Pyle, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Crystal G. Rowe
Jacob W. Zigenfus
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Rachel O. Webster
Bradley C. Lohmeier
Saeed & Little, LLP
Indianapolis, Indiana

---

[3] Because we conclude that Groomingdale's has failed to assert a meritorious defense as required by Trial Rule 60(B), we need not reach the question of whether Groomingdale's failure to timely respond to Neuberg's lawsuit was a result of excusable neglect or any other exceptional circumstance justifying relief.